NATIONAL ELECTRIC SIGNALING CO. v. TELEFUNKEN WIRELESS TELEGRAPH CO. et al.

(Circuit Court, S. D. New York. December 5, 1911.)

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—WIRELESS TELEGRAPH SYSTEM.

The Fessenden patent, No. 706,736, for a system of transmission of energy by electromagnetic waves, having in the receiving system a closed circuit tuned to the frequency of the transmitted impulses and a current operated wave-responsive device or detector, *held* not anticipated and infringed on a motion for a preliminary injunction.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by the National Electric Signaling Company against the Telefunken Wireless Telegraph Company and others for infringement of letters patent No. 706,736 for a system of transmission of energy by electromagnetic waves, granted to Reginald A. Fessenden August 12, 1902. On motion for preliminary injunction. Motion granted.

Herbert G. Ogden, for complainant.
Hector T. Fenton, for defendants.

LACOMBE, Circuit Judge. I do not understand that it is disputed that defendant has operated a wireless telegraph station in this city. in which it has used its own devices including the so-called "detector," of which a sample or replica has been submitted. The individual defendants have appeared generally in the suit.

The record does not disclose any prior patents or publications or other material evidence which was not before the court in the Maine suit. National Electric Signaling Co. v. United Wireless Telegraph Co. (C. C.) 189 Fed. 727. The file-wrapper and contents of which so much has been said upon this motion was certainly in evidence there, and was discussed at length in the brief filed at final hearing; the points made being substantially those now relied upon.

Even with the assistance afforded by defendant's affidavits and brief, I am unable to discover any substantial difference between the defendant's detector and the "crystal detector" of the Maine suit. Indeed, the argument here is mainly directed to showing that Judge Hale erred in holding that the crystal detector infringed.

Motion for preliminary injunction is granted as prayed.